**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN MCGEACHY, *Individually and on behalf of others similarly situated*, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:26-cv-01020-MTS |
| PEABODY ENERGY CORPORATION, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Kevin McGeachy's ("Plaintiff") Motion to Appoint Lead Counsel and himself as Lead Plaintiff, Doc. [18]. Because Plaintiff fulfills the requirements of 15 U.S.C. § 78u-4(B) and Federal Rule of Civil Procedure 23(a), this Court will grant Plaintiff's unopposed motion.

## I. Factual and Procedural Background

Plaintiff brought this action on June 25, 2026, as a Putative Class Action under 15 U.S.C. § 78u-4. Doc. [1] ¶ 1. Plaintiff alleges that he and a class of other individuals purchased stock from Peabody Energy Corporation ("Peabody") in reliance on materially false statements by the company's President, James Grech. *Id.* ¶¶ 28–31. Plaintiff further claims that Grech exaggerated the productivity of one of Peabody's mines in Australia, and that after the company revealed the truth, Peabody's stock value declined dramatically, resulting in over $15,000 worth of losses for Plaintiff. *Id.* ¶¶ 28–43; Doc. [20] at 8.

Plaintiff now brings this Motion to Appoint himself as Lead Plaintiff, Levi & Korsinsky, LLP as Lead Counsel, and Wehrle Law, LLC as Liaison Counsel. Doc. [18]. Another putative

class member, Lesa Adkins, filed a similar motion, Doc. [16], but she withdrew it on September 8, 2026. Doc. [25]. No one has opposed McGeachy's Motion.

## II. Legal Standard

Section 78u-4(a) of Title 15 outlines procedures for private class actions under the Securities and Exchange Act of 1934. The Act requires this Court to designate a Lead Plaintiff, and subsections (a)(3)(B)(iii)(I)(aa)–(cc) creates a rebuttable presumption that "the most adequate plaintiff in any private action" is the plaintiff that: (1) filed the complaint or made a motion for appointment as Lead Plaintiff; (2) has the "largest financial interest in the relief sought," and (3) satisfies Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) allows a court to certify a class action if "(1) the class is so numerous that joinder of all members is inapplicable; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the representatives parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Any potential Lead Plaintiff must apply with the Court within sixty days of the initial Plaintiff's publication of notice of the class action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The Court must then appoint a Lead Plaintiff within ninety days of the same publication. *Id.* § 78u-4(a)(3)(B)(i). Once the Court appoints the Lead Plaintiff, that Lead Plaintiff may, subject to court approval, appoint class counsel. *Id.* § 78u-4(a)(3)(B)(v).

## III. Discussion

1. Plaintiff is entitled to serve as Lead Plaintiff in this case.

Plaintiff's Motion to Appoint himself as Lead Plaintiff is the only motion pending before this Court; another putative class member, Lesa Adkins, filed a similar motion, Doc. [16], but she withdrew it on September 8, 2026. Doc. [25]. The deadline for any other potential Lead Plaintiffs

to apply has expired, so this Court need only decide whether Plaintiff meets the qualifications of 15 U.S.C. § 78u-4 and Rule 23. He does.

Plaintiff filed this Complaint, *see* Doc. [1], retained counsel, and has signed a certification stating that he is willing to serve as the representative party on behalf of the Class. Doc. [20] at 2, 5. Additionally, Plaintiff filed a Loss Chart with this Court detailing losses from his purchase of Peabody stock in the amount of $15,185.03. *Id.* at 8. Only one other person, Lesa Adkins, filed estimates of losses from purchase of Peabody stock, and her losses were significantly less than Plaintiff's. *See* Doc. [21-3]. Therefore, this Court finds that § 78(a)(3)(B)(iii)(I)(aa) and (bb) are satisfied. The only remaining question is whether Plaintiff satisfies Rule 23, and the answer to this question is also yes.

At this stage, the Court need only analyze the typicality and adequacy requirements of Rule 23, as those are the only two that relate to the individual Plaintiff. *See Horowitz v. SunEdison, Inc.*, 4:15-cv-1769-RWS, 2016 WL 1161600 at *4 (E.D. Mo. Mar. 24, 2016) (citing *Kops v. NVE Corp.*, 0:06-cv-0574-MJD, 2006 WL 2035508 at *5–*6 (D. Minn. July 19, 2006)). Typicality requires the named plaintiff's claim to "arise[] from the same event or course of conduct as the class claims and give[] rise to the same legal or remedial theory." *Lewis v. MHM Health Professionals, Inc.*, 4:22-cv-0228-SEP, 2026 WL 891822 at *16 (E.D. Mo. Mar. 31, 2026) (quoting *Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996)). Adequacy requires the named plaintiff to have "common interests" with the class and "vigorously prosecute the interests of the class through qualified counsel." *Id.* (quoting *Lopez v. Tyson Foods*, 8:06-cv-0459-JFB, 2008 WL 3485289 at *18 (D. Neb. Aug. 7, 2008)).

Plaintiff easily satisfies both requirements. Plaintiff's claims are typical of the class, in that he alleges that he purchased common stock in reliance on false statements by Peabody Energy

and suffered damages because of it. Doc. [19] at 10; Doc. [20] at 10. These same facts establish that Plaintiff and the Class have common interests. *Id.* at 11. Finally, Plaintiff has retained counsel from Levi & Korsinsky, LLP, a law firm with significant experience in securities law. Doc. [20] at 18. Therefore, this Court concludes that all relevant Rule 23 requirements are met.

2. McGeachy is entitled to appoint Levi & Korsinsky, LLP as Lead Counsel.

In addition to moving to appoint himself as Lead Plaintiff, Plaintiff moves to appoint Levi & Korsinsky, LLP as Lead Counsel in this case, as well as Wehrle Law, LLC as Liaison Counsel. A Lead Plaintiff may appoint class counsel under § 78u-4, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Plaintiff has attached a declaration from Wehrle Law Partner James Wehrle, *see* Doc. [20] at 1–2, as well as detailed information regarding Levi & Korsinsky, *see id.* at 18–108, and based on that information, this Court is satisfied that Levi & Korsinsky and Wehrle Law will adequately represent the interests of the class.

## IV. Conclusion

Because Plaintiff Kevin McGeachy is the sole applicant to serve as Lead Plaintiff in this case, and because McGeachy otherwise qualifies to serve as Lead Plaintiff and appoint Lead Counsel under 15 U.S.C. § 78u-4(B) and Federal Rule of Civil Procedure 23(a), the Court will grant his Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint himself as Lead Plaintiff, Levi & Korsinsky, LLP as Lead Counsel, and Wehrle Law, LLC as Liaison Counsel, Doc. [18], is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Entry of a Stipulation Regarding Service of Process and Defendants' Time to Respond to Complaint, Doc. [9], is **GRANTED**. No later than **September 23, 2026**, Defendants shall meet and confer with Plaintiff

McGeachy and submit a proposed schedule for the filing of any amended complaint and Defendants' required response thereto.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate Plaintiff Lesa Adkins's withdrawn Motion to Appoint, Doc. [16]. *See* Doc. [25].

Dated this 9th Day of September 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE